## THE CHICAGO WAREHOUSE AND MANUFACTURING COMPANY

### v.

## THE ILLINOIS PNEUMATIC TOOL COMPANY.

*Landlord and Tenant—Lease—Implied Covenant for Peaceful and Quiet Enjoyment—Excessive Heat—Damages—Evidence.*

1. In the absence of an exception thereto, the admission of improper testimony can not be complained of.

2. In an action brought to recover damages for the alleged breach by a

landlord of an implied covenant for peaceable and quiet enjoyment, it being claimed that the heat in the premises in question became so oppressive as to compel removal upon the part of the plaintiff, this court holds that defendant was entitled to operate the premises in the same manner under the lease in force when the plaintiffs moved, as under a former one between the same parties, that no evidence was introduced justifying the damages awarded, and that the verdict for the plaintiff can not stand.

[Opinion filed December 24, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. PADDOCK & WRIGHT, for appellant.

Messrs. DOW & BURNHAM, for appellee.

MORAN, J.   This action was brought to recover damages for the alleged breach of an implied covenant for peaceable and quiet enjoyment.   Appellant was the owner of a power and manufacturing building, and appellee was the tenant of a portion of said building, and other tenants occupied other portions of the building, and appellee and such other tenants were furnished steam power to carry on manufacturing, by appellant, the boiler for generating the steam being located under the premises occupied by appellee.   Appellee first occupied the premises under a lease from the 1st of February, 1887, till the 1st of May, 1887, and while in possession, under said lease, took the lease on which this suit is brought, running from the 1st of May, 1887, to the 30th of April, 1888.   While appellee was occupying under the first lease, the boilers were operated at the same degree of heat as afterward, but in May the heat became so oppressive in appellee's premises that appellee's officers and servants could not endure it, and were, as they contend, obliged to move out, which they did, on the fifteenth day of that month.

Appellee having occupied the premises under the prior lease, knew of the location of the boilers, and of the degree of heat used to generate the power furnished to it, and to other tenants, and was bound to take notice of natural laws and to

146     APPELLATE COURTS OF ILLINOIS.

VOL. 35.]     Chi. Warehouse, etc., Co. v. Ill. Pneumatic Tool Co.

understand that the same degree of heat in the boilers would have a greater effect to raise the temperature of the premises occupied by it, in the spring or summer, than it would in a colder season. Appellee contracted in the new lease for power, and knew that it would take heat to generate it, and knew that it would be applied as it had been during its occupancy under the former lease. Appellant was entitled under the new lease to operate the premises in the same manner and under the same conditions as it had done under the former one, and such, in effect, must be take n to have been the understanding of the parties. Thomas v. Wiggers, 41 Ill. 470.

Evidence was introduced of a promise by the agent of appellant, made at the time the first lease was executed, that the boilers should be removed to some other location, but for any breach of such a promise appellee could not recover under the declaration in this case, if such breach would furnish the basis of a cause of action at all.

There was no exception taken to the admission of said evidence, and error can not therefore be assigned for such admission.

The judgment must be reversed, however, as we can see no basis on which the damages which were awarded could be assigned.

The first lease terminated on the 1st of May, and appellee would have been obliged to move out then if it had not executed the new lease. It did move out on May 15th. A witness testified the expense in fitting up and moving out amounted to $523, and the jury rendered a verdict for $300. It was not shown that any fitting up was done after the making of the new lease, or in what way moving out on the 15th of May created expenses that moving on the 1st, when the old lease terminated, would not have made necessary.

The nature of the damage is nowhere stated, and no facts or circumstances were furnished the jury from which they might see that there was damage and intelligently estimate the amount thereof.

The judgment must be reversed and the case remanded for a new trial.

*Reversed and remanded.*